UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>C&S Wholesale Grocers, Inc.</u>

  v.         Civil No. 11-cv-127-LM

<u>Grocery Haulers, Inc.</u>

<u>O R D E R</u>

On March 7, 2012, a telephone conference was held with respect to a discovery dispute. Attorneys Benjamin L. Hincks, Michael J. Ticcioni, and Gordon J. MacDonald appeared for plaintiff, and Attorneys William R. Fried, Janice Goldberg, and Kate Mahan appeared for defendant.

Grocery Haulers, Inc. ("GHI") placed this discovery dispute before the court by way of an informal process frequently used by parties in this district to resolve their disputes in a manner that is both speedier and less expensive than formal motion practice. Specifically, GHI sent an email communication dated March 1, 2012, to the court's case manager seeking a telephone conference with the court to resolve a dispute concerning C&S Wholesale Grocer's Inc.'s ("C&S's") refusal to produce documents (and use search terms) responsive to GHI's Requests for Production ("RPOD") Nos. 7 and 18. C&S responded

to the court's case manager via email with a written submission outlining its objection to RPOD Nos. 7 and 18.

The two RPOD's in dispute seek from C&S "all communications and documents" pertaining to the closing of C&S's distribution facilities and The Great Atlantic & Pacific Tea Company's ("A&P's") simultaneous award to C&S of the right to perform future trucking services. GHI makes two primary arguments in support of its entitlement to discover this evidence. First, GHI argues that its discovery request is relevant to C&S's claim because C&S included facts about its closure of facilities and contract with A&P in the factual narrative of its complaint. Second, GHI asserts its discovery request is relevant to its defense in this case, specifically its assertion of "unclean hands" as an affirmative defense.[1]

With respect to GHI's first argument, GHI is correct that C&S referred in its complaint to the closure of its distribution

---

[1] GHI also made a passing argument that it was entitled to this evidence based on the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101-2109. The issue was entirely undeveloped, without so much as a citation to WARN, much less a citation to a section of the statute that might be implicated here. The court appreciates that GHI elected an informal means of resolving this discovery dispute. However, the court is not persuaded that GHI's passing mention of WARN entitles it to the production of evidence sought in RPOD's Nos. 7 and 18.

facilities and A&P's decision to award C&S the right to perform trucking services for it in the future.  The complaint, however, asserts a claim against GHI on the basis of the parties' 2001 Trucking Agreement.  The details concerning C&S's closure of facilities and A&P's decision to enter into an entirely separate contract with C&S will have no bearing on the primary question at issue in this lawsuit: whether C&S breached the Trucking Agreement when it terminated the portion of that Agreement dealing with GHI's delivery of A&P perishables.  Rule 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's <u>claim</u> <u>or</u> <u>defense</u> . . . ."  Fed. R. Civ. P. 26(B)(1) (emphasis added).  In short, GHI has failed to persuade the court that the discovery sought in RPOD Nos. 7 and 18 is relevant to C&S's claim in this case.[2]

With respect to GHI's second argument, the court is not persuaded that GHI's inclusion in its Answer of the affirmative defense "unclean hands," without so much as a single factual allegation that hints at the basis for this defense (which, so far as the court can tell from GHI's argument, is a form of collusion that GHI suspects existed between C&S and A&P with

---

[2] GHI did not argue that the discovery was related to any of its counterclaims.

respect to their decisions to terminate their separate contracts with GHI). Counsel for GHI conceded that he did not have a sufficient "good faith" factual basis on which to rest an allegation of such collusion in his pleading. Without more, GHI's discovery request to seek evidence of such collusion is a classic "fishing expedition."

The court therefore resolves this discovery dispute in C&S's favor.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

March 8, 2012

cc: William R. Fried, Esq.
    Benjamin L. Hincks, Esq.
    Gordon J. MacDonald, Esq.
    Arnold Rosenblatt, Esq.
    Laurence A. Schoen, Esq.
    Stephen B. Selbst, Esq.
    Michael J. Ticcioni, Esq.