UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| C&S WHOLESALE GROCERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GROCERY HAULERS, INC.,<br><br>Defendant. | Civil Action No: 1-11-cv-00127- LM<br><br>**JOINT STIPULATION AND<br>ORDER FOR THE<br>EXCHANGE OF CONFIDENTIAL<br>INFORMATION** |

This matter having come before the Court by stipulation of plaintiff, C&S Wholesale Grocers, Inc., and defendant, Grocery Haulers, Inc., for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any of the parties and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

It is hereby ORDERED that:

1.      This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter, the "Documents" or "Testimony").

2.      Either of the parties may designate Documents produced or Testimony given in connection with this action as "Confidential" or "Confidential For Attorneys Eyes Only" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto or by any other appropriate means.

A Producing Party may designate non-public Documents or Testimony as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Documents or Testimony constitute or contain confidential, personal, proprietary or commercially sensitive information, or other proprietary business information that requires the protections provided in this Order.

A Producing Party may designate non-public Documents or Testimony as "Confidential For Attorney's Eyes Only" under the terms of this Order if (i) the Producing Party reasonably believes in good faith that such Documents or Testimony constitute or contain confidential, personal, proprietary financial, technical, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, and (ii) the disclosure of such Documents or Testimony is likely to cause harm to the competitive position of the Producing Party.

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

3. As used herein:

(a) "Confidential Information," as used herein, shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain or constitute (a) non-public trade secrets, proprietary business information, competitively sensitive information, financial data, strategic or long-range plans, internal cost data, performance data, customer or vendor data, contracts and agreements with third parties, technological data, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients and (b) is designated "Confidential" or "Confidential For Attorney's Eyes Only" by any of the parties to this action.  The parties agree that disclosure of any information designated as "Confidential" or "Confidential For Attorney's Eyes Only" will cause serious injury to the parties' standing in the marketplace.  "Confidential Information" may be or may include, without limitation, a document, information contained in a document, information revealed during a deposition, information revealed in an answer to an interrogatory, document demand or request for admission, or information revealed in any filing or other submittal to the Court.  Information or material that is available to the public shall not be designated as confidential unless the production of such publicly available information would reveal confidential business, financial, marketing, advertising or strategic information of the producing party.

(b) "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information.  If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

Nothing herein shall prevent disclosure beyond the terms of this Stipulation if each party designating the information as "Confidential" or "Confidential For Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Nothing herein shall prevent any counsel of record from utilizing "Confidential" or "Confidential For Attorneys' Eyes Only" or  information in the examination or cross-examination of any person who is an employee or representative of the party or entity producing

the information or, irrespective of producing party or entity, of any person who is indicated on the document as being an author, source or recipient, or otherwise identified by name or position in the document, or any person whose employer is indicated on the document as being an author, source or recipient, or otherwise identified in the document.  Nothing herein shall preclude counsel from examining any person on the general contents of "Confidential" or "Confidential For Attorneys' Eyes Only" information, irrespective of which party produced such information, provided that such information is not disclosed to a witness unless it is established that the witness or his or her employer was an author, source or recipient, or the witness or his or her employer is identified in the document, or the witness is otherwise permitted to see the information.

   A party shall not be obligated to object to the propriety of a designation as "Confidential" or "Confidential Attorneys Only" at the time that such designation is made and a failure to do so shall not preclude a subsequent objection thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential" or "Confidential Attorneys Only" the Producing Party and the objecting party(ies) shall first meet and confer in an attempt to resolve the dispute.  If the dispute cannot be resolved, the objecting party(ies) may object in writing to the party who has designated the document or information as "Confidential" or "Confidential Attorneys Only" and must specify the designation (if any) of confidentiality it seeks the designating party to consent to. The Receiving Party shall then be required to move the Court for an order changing the designated status of such information within seven (7) business days of receipt of the written response.  However, if circumstances, which include but are not limited to a hearing or deposition, require a more expeditious resolution, the objecting party may submit the dispute to the Judge for decision, after giving notice to the Producing Party.  The objecting party bears the burden to demonstrate why expedited review is necessary and the objecting party has the right to challenge any such application for expedited review at any time.  If the Judge agrees to expedited review, the burden remains on the Producing Party to demonstrate that the disputed document, documents, or information merits such designation.  This exception will only be used in good faith and only as necessary.  In addition, a written objection identifying the designation of confidentiality the objecting party seeks the designating party to consent to does not waive the objecting party's right to seek a lower designation of the disputed document or information at a later date.

   The parties may, by stipulation signed by all parties, provide for exceptions to this Stipulation and any party may seek an order of this Court modifying this Stipulation.

   5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information marked "Confidential" shall not be furnished, shown or disclosed to any person or entity except to the individuals and entities listed below:

   (a) personnel or agents of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting

3

such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such expert or consultant shall, prior to receiving Confidential Information, indicate his or her consent to abide by this Stipulation by executing the written agreement attached hereto as Exhibit A;

   (d) the presiding Judge, Magistrate Judge or Any Appellate Court and court personnel, if filed in accordance with paragraph 19 hereof,

   (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 15 hereof;

   (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 15 hereof; and

   (g) any other persons agreed to in writing by the parties.

  6. Confidential Information marked "Confidential For Attorney's Eyes Only" shall not be furnished, shown or disclosed to any person except to the individuals and entities listed in paragraphs 5(b) - (g). Permitted recipients of "Confidential" Information or "Confidential For Attorney's Eyes Only" Information are referred to herein as "Qualified Persons."

  7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

  8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert with a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by this Stipulation's terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

  9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a final transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately. Any party may designate information disclosed at any deposition as "Confidential" or "Confidential For Attorney's Eyes Only" by notifying all of the parties in writing within fifteen (15) days of receipt by the designating party of a copy of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential For Attorney's Eyes Only"

thereafter. Unless otherwise agreed to in writing, all deposition transcripts shall be presumptively treated as "Confidential For Attorney's Eyes Only" for a period of fifteen (15) days after the date of the receipt of a copy of the final transcript by all parties.

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or experts retained by counsel for the purpose of this litigation or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Confidential For Attorney's Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential For Attorney's Eyes Only" and is subject to the provisions of this Stipulation.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Confidential For Attorney's Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" or "Confidential For Attorney's Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript and each such page will be marked as with "Confidential" or "Confidential For Attorney's Eyes Only" in accordance with the designation.

10. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" or "Confidential Attorneys Eyes Only" nature as provided in paragraphs 2, 3 and/or 19 of this Stipulation, may be so designated by the party asserting the confidentiality protection by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Confidential Attorneys Eyes Only" within a reasonable time following the discovery that the document or information has been inadvertently produced without such designation.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

13. The production or disclosure of Confidential Information, or the execution of this Stipulation, shall in no way constitute a waiver of each party's right to object to the production or disclosure of information in this action or in any other action or to the admissibility, relevance or authenticity of said documents or information.

14. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the rules of civil procedure or other applicable law.

15. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access

to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed as Exhibit A hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Disclosure of "Confidential" or "Confidential For Attorney's Eyes Only" information:

(a) "Confidential" or "Confidential For Attorney's Eyes Only" information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons.

(b) Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons pursuant to Paragraph 5(c) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Stipulation may be made, or exhibits prepared by independent copy services, printers, illustrators, or litigation service providers for the purposes of this litigation.

(c) Any documents produced prior to the execution of this Stipulation may be retroactively designated by a party as "Confidential" or "Confidential For Attorney's Eyes Only" by notice in writing issued by the designating party to all parties within ten (10) days of the entry of this Stipulation or by providing appropriately stamped copies of such documents. Any such written notice shall identify each such document or portion of each such document by Bates number or other suitable description as shall specify whether the document or portion of the document is being designated as "Confidential" or "Confidential For Attorney's Eyes Only." Documents unintentionally produced without designation as "Confidential" or "Confidential For Attorney's Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Notwithstanding anything to the contrary contained within this paragraph, if a party has already taken any action inconsistent with the foregoing as of the date of the execution of this Stipulation, that party shall not be liable for such action.

Nothing herein shall prevent disclosure beyond the terms of this Stipulation if each party designating the information as "Confidential" or "Confidential For Attorney's Eyes Only" consents in writing to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Confidential For Attorney's Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential For Attorney's Eyes Only" information, irrespective of which party produced such information.

18. Nothing shall be regarded as "Confidential" or "Confidential For Attorney's Eyes Only" information if it is information that either

    (a) Is in the public domain at the time of disclosure, as evidenced by a written document;

    (b) Becomes part of the public domain through no fault of the other parties, as evidenced by a written document;

    (c) The Receiving Party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d) The Receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  19. Papers filed with the Court:

    (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing "Confidential For Attorney's Eyes Only" information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses "Confidential for Attorney's Eyes Only" information, shall seek to file such "Confidential For Attorney's Eyes Only" information under Level I seal in accordance with United States District Court District of New Hampshire Local Rule 83.11

    (b) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

  20. A non-party responding to a subpoena served upon it in connection with this litigation seeking a deposition and/or the production of documents and things shall have the option to subject information disclosed at such deposition and/or production of documents and things to the provisions of this Stipulation and Order by indicating his, her or its consent to abide by this Stipulation and executing the written agreement attached hereto as Exhibit B.

  21. The Producing Party must take reasonable steps to prevent inadvertent disclosure of information, Documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, and/or other doctrines or privileges of nondisclosure ("assertedly privileged material"). Even with reasonable preventative measures, production of documents may result in inadvertent disclosure of assertedly privileged materials. Within 45 days after the Producing Party actually learns of an inadvertent disclosure, the Producing Party may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the Receiving Party must retrieve and return all copies of such information, Documents and/or things to the Producing Party within 5 business days of receipt of such notice and may not further disclose or use the information contained in such items for any purpose, other than in connection with the service or filing of a motion seeking a ruling of the Court as to whether the materials at issue are protected by privilege and should be returned to the Producing Party. If a Party seeks to challenge the claimed privileged status of any document(s), it shall use reasonable efforts in presenting the

motion to preserve the confidentiality of the document(s) pending a ruling by the Court, including filing the document(s) in a sealed envelope and seeking review *in camera*. If the Producing Party demands the return of the assertedly privileged material within the 45-day grace period, the disclosure of the assertedly privileged material must be deemed inadvertent. If the Receiving Party disputes in Court whether an inadvertently produced Document is privileged, the Receiving Party may not utilize in the litigation, or disclose to any third-party the inadvertently produced Document pending a ruling from the Court on the question. After the 45-day grace period, any demand for inadvertently produced assertedly privileged material will be governed by the procedures and standards of the applicable case law.

22. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of the pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

This Stipulation shall not bar any attorney of record in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation, in a general manner, of "Confidential For Attorneys Eyes Only" information produced or exchanged herein. provided, however, that in rendering such advice and otherwise communicating with his/her client, such attorney shall not disclose the specific contents of any "Confidential For Attorney's Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Stipulation.

23. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Stipulation and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Stipulation.

24. Unless otherwise agreed to in writing by all of the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Stipulation. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. The Court retains jurisdiction to make amendments, modifications and additions to this Order. Any party may apply to the Court for amendment or modification of, or addition to, this Order at any time.

25. Nothing in this Order shall be construed to diminish the obligations that either party owes or may owe to the other or to a non-party, pursuant to any other agreement, order, or applicable law.

Dated: Concord, New Hampshire
       June 13, 2012

| HERRICK, FEINSTEIN LLP | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC |
|---|---|
| By: /s/ William R. Fried<br>William R. Fried, Esq.<br>Stephen B. Selbst, Esq.<br>Janice Goldberg, Esq.<br>*Attorneys for Grocery Haulers, Inc.*<br>2 Park Avenue<br>New York, NY 10016<br>(212) 592-1400<br>Wfried@herrick.com<br>Sselbst@herrick.com<br>jgoldberg@herrick.com | By: /s/ Benjamin L. Hincks<br>Benjamin L. Hincks, Esq.<br>Michael J. Ticcioni, Esq.<br>*Attorneys for C & S Wholesale Grocers, Inc.*<br>One Financial Center<br>Boston, MA 02111<br>(617) 348-4424<br>bhincks@mintz.com<br>mjticcioni@mintz.com |
| Arnold Rosenblatt (N.H. Bar No. 2879)<br>Kathleen Mahan (N.H. Bar No. 17124)<br>COOK, LITTLE, ROSENBLATT & MANSON, P.L.L.C.<br>1000 Elm Street<br>Manchester, NH 03101<br>Telephone: 603-621-7100<br>a.rosenblatt@clrm.com | Gordon J. MacDonald (N.H. Bar No. 11011)<br>NIXON PEABODY LLP<br>900 Elm Street<br>Manchester, NH 03101<br>Telephone: 603-628-4000<br>Fax: 603-628-4040<br>gmacdonald@nixonpeabody.com |

June 14, 2012
SO ORDERED: /s/ Landya McCafferty                    , United States Magistrate Judge

9

**EXHIBIT A TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| C&S WHOLESALE GROCERS, INC.,<br><br>           Plaintiff,<br><br>           v.<br><br>GROCERY HAULERS, INC.,<br><br>           Defendant. | Civil Action No: 1-11-cv-00127- LM |

      I, _____, hereby state as follows:

      1.    My address is:_____.

      2.    My present employer is:_____.

      3.    My present occupation or job description is:_____

      4.    I have received a copy of the Stipulation and Order for the Exchange of CONFIDENTIAL INFORMATION ("Stipulation") entered in the above-entitled action on_____

      5.    I have carefully read and understand the provisions of the Stipulation.

      6.    I will comply with all of the provisions of the Stipulation.

      7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action any Confidential Information that is disclosed to me.

      8.    I will return all Confidential Information that comes into my possession and documents or things that I have prepared relating thereto to counsel for the party by whom I am employed or retained or to counsel from whom I received the Confidential Information, upon the conclusion of this litigation.

      9.    I hereby submit to the jurisdiction of this Court for purpose of enforcement of the Stipulation in this action.

Dated:_____

                                                                 _____
                                                                  Print Name:

**EXHIBIT B TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| C&S WHOLESALE GROCERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GROCERY HAULERS, INC., <br><br> Defendant. | Civil Action No: 1-11-cv-00127- LM |

I, _____, of _____ (the "Company"), hereby state as follows;

1. The Company has received a subpoena in the above-captioned matter requesting the production of documents and things ("Subpoena"). The Company is a non-party to this litigation.

2. I have received a copy of the Stipulation ("Stipulation") and have read and understand the Stipulation.

3. In response to the Subpoena, the Company has and/or will collect and produce documents and things within its custody and control. The Company may designate some or all such produced documents and things as Confidential Information in accordance with the terms and provisions of the Stipulation.

4. Pursuant to paragraph 20 of the Stipulation, the Company exercises its option to make its production of documents and things subject to the Stipulation.

5. I hereby consent to the exercise of personal jurisdiction by the Court for the purposes of enforcing this Stipulation.

_____
Print or Type Name

_____
Company

_____
Title

5583007v.3